IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN MANN ANDERSON,

    Plaintiff,

v.                                                                                  OPINION and ORDER

JOHN J. TUTEN, CHERYL JEANPIERRE,                                                   23-cv-366-jdp
CHARLES DOMBECK, and JODI FIELDS,

    Defendants.

---

    Plaintiff John Mann Anderson, appearing without counsel, is incarcerated at Waupun Correctional Institution. Anderson alleges that defendant prison medical providers discontinued effective pain medication for his painful bladder condition and then failed to adequately treat his pain. I granted him leave to proceed on Eighth Amendment and Wisconsin-law medical negligence claims. Dkt. 8.

    Anderson responded to my screening order by filing a proposed amended complaint containing additional allegations against some of the defendants and attempting to add a new defendant, Dr. Laura Sukowaty. Dkt. 9. Defendants move to transfer the case to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). Dkt. 13.

    Section 1404(a) allows a court to transfer a case to another district in which the case could have been brought if the transfer (1) will serve the convenience of the parties and witnesses; and (2) will promote the interest of justice. Section 1404(a) permits a "flexible and individualized analysis" that is not confined by a narrow or required set of considerations. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Defendants have the burden of showing that transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

Defendants make two arguments for transfer: (1) transfer would serve the convenience of the parties because the parties and witnesses are likely all located in the Eastern District, more specifically in or around Waupun Correctional Institution; and (2) transfer would serve the interest of justice because Anderson has already brought a similar lawsuit about the same denial of medication in the Green Bay Division of the Eastern District, *Anderson v. Jeanpierre*, Case No. 22-cv-270, the proceedings of which are further along than ours.

In considering convenience, the court considers each party's access to and distance from each forum, the location of material events, the availability and access to witnesses, and relative ease of access to sources of proof. *Research Automation*, 626 F.3d at 978. And generally, deference is given to the plaintiff's choice of venue. These factors do not favor transfer to Green Bay. Anderson has already chosen this court as the venue for his lawsuit, Waupun is closer to Madison than it is to Green Bay, and defendants don't identify any details about the parties or witnesses that suggest that Green Bay is more convenient.

Defendants' interest-of-justice argument has more traction. This analysis focuses on the efficient administration of the court system. Defendants argue that our case is largely about the same core issue as Anderson's Eastern District case: defendant Cheryl Jeanpierre's 2020 cancellation of gabapentin to treat his interstitial cystitis, a painful bladder condition. My review of the Eastern District screening order confirms this. *See* Dkt. 15 in the '270 case (E.D. Wis. June 6, 2022). And with his proposed amended complaint in our case, Anderson seeks to add claims against proposed new defendant Dr. Sukowaty, who is already a defendant in the Eastern District case.

Anderson opposes transfer in part because his claims in the two cases aren't identical.[1] I agree that there isn't a complete overlap of the claims or defendants in the two cases, but generally, plaintiffs cannot litigate such similar lawsuits in two federal courts at the same time. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir. 1988) ("[T]he question whether a litigant should be able to litigate the same issue at the same time in more than one federal court is an easy one—he should not be.").

In the alternative, Anderson states that he would agree to transfer this case to the Eastern District so long as it is not assigned to the judge presiding over his Eastern District case, William C. Griesbach: Anderson states that he has previously sought Judge Griesbach's recusal in this case, has filed an appeal concerning rulings that he believes were an abuse of discretion, and has filed a judicial complaint against him. Anderson's complaints about Judge Griesbach aren't properly resolved in a motion to transfer; they will be resolved on their own merits directly in the proceedings in which Anderson brought them. The key point is that our current case and the Eastern District case belong together, and the entire consolidated matter belongs in the Eastern District, which is already much deeper into the litigation of Anderson's medical care claims than this court.

I conclude that the interest of justice requires me to transfer this case to the Eastern District of Wisconsin for consolidation with Anderson's '270 case there. It will be up to the Eastern District court to consider the claims on which I have already granted Anderson leave to proceed and his proposed amended complaint.

---

[1] Anderson moves to strike defendants' reply brief, Dkt. 17, because the reply brief characterizes defendants' motion as one for transfer *or dismissal*, instead of just for dismissal as stated in defendants' original motion. I will grant Anderson's motion in part and I will not consider dismissing this case. But I will consider the remainder of the reply brief.

ORDER

IT IS ORDERED that:

1. Plaintiff John M. Anderson's motion to strike defendants' brief in reply supporting their motion to transfer, Dkt. 17, is GRANTED in part.

2. Defendants' motion to transfer the case under 28 U.S.C. § 1404(a), Dkt. 13, is GRANTED.

3. This case is transferred to the United States District Court for the Eastern District of Wisconsin, Green Bay Division.

Entered January 10, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge